IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PERSONAL CARE PRODUCTS, | § | |
| INC., et al. | § | |
| | § | |
| V. | § | A-07-CA-1020 LY |
| | § | |
| ALBERT HAWKINS, et al. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Amended Motion to Dismiss Plaintiffs' Second Amended Complaint, filed on December 18, 2008 (Clerk's Doc. No. 64); Individual Defendants' Motion for Partial Summary Judgment based on Qualified Immunity, filed on December 18, 2008 (Clerk's Doc. No. 65); Affidavit in Support of Motion for Partial Summary Judgment, filed on December 19, 2008 (Clerk's Doc. No. 70); Plaintiffs' Response to Defendants' Amended Motion to Dismiss Plaintiffs' Second Amended Complaint, filed on January 20, 2009 (Clerk's Doc. No. 78); and Plaintiffs' Response to Individual Defendants' Motion for Partial Summary Judgment based on Qualified Immunity, filed on February 24, 2009 (Clerk's Doc. No. 84).

On December 22, 2008, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United

States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

## I. BACKGROUND

When considering a motion to dismiss pursuant to Rule 12, a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McClinton v. Delta Pride Catfish, Inc.*, 982 F. Supp. 417, 418 (N.D. Miss. 1997). Accordingly, the following factual summary is based on the allegations contained in Plaintiff's Second Amended Complaint and views the allegations in the light most favorable to Plaintiff.

This is a civil action alleging violation of the U.S. Constitution by employees of the Texas Health and Human Services Commission ("THHSC"). Plaintiff Personal Care Products, Inc. ("PCP"), which furnishes incontinence supplies to Medicaid recipients in twelve states including Texas, participates in the Medicaid program in Texas. On May 31, 2006, THHSC issued a notice to PCP stating that it was conducting a preliminary investigation of services billed by PCP and that THHSC would be imposing a 100% payment hold on all Medicaid payments to PCP until their investigation was completed. On June 2, 2006, Plaintiffs filed a Petition for Expedited Formal Administrative Hearing to dispute the findings and contest the payment hold and the alleged Medicaid liability. On June 14, 2006, THHSC filed a request to docket a hearing with the State Office of Administrative Hearings ("SOAH"), and the case was assigned to an administrative law judge for hearing. The hearing was not to address the merits of the overpayment, but rather was limited to whether the payment hold was properly imposed. This hearing was continued so that the parties

could pursue settlement negotiations to resolve the payment hold. PCP met with THHSC officials in Austin, Texas on two separate occasions, and THHSC eventually agreed to lift the payment hold and reinstate payments to PCP. The pending administrative appeal was then dismissed on the motion of THHSC. However, Defendants continued to seek payment of the alleged Medicaid overpayment.

On October 2, 2006, THHSC issued another notice to PCP, a Notice of Potential Overpayment and Notice of Intent to Assess Penalties. On October 13, 2006, Plaintiffs filed a Petition for Informal Review and Formal Administrative Hearing to dispute the findings and contest the overpayment and administrative penalty. On October 30, 2006, THHSC issued a Notice of Imposition of Partial Payment Hold on Medicaid Payments. This notice first explained that THHSC was not going to honor PCP's latest request for review, as THHSC had only given notice to PCP of a *potential* overpayment such that the matter was not ripe for appeal. The notice further stated that THHSC was going to impose a partial payment hold on all future Medicaid payments to PCP pending the investigation. The stated basis for the imposition of the payment hold was PCP's refusal to put up some type of security interest to assure the Commission that PCP was acting in "good faith." The Commission further stated that it imposed the payment hold "to protect the integrity of the Medicaid program." Plaintiffs believe there was no legitimate basis for the payment hold, but rather, Defendants were using the payment hold to coerce Plaintiffs to settle, to extort payment of the alleged Medicaid liability, and to punish PCP for not pledging security with THHSC.

According to Plaintiffs, they have been denied any opportunity to contest the alleged overpayment or dispute the validity of the statistical sampling methodology used to calculated the amounts THHSC contends were overpaid. Plaintiffs allege that THHSC has collected in excess of

3

$350,000 by the payment hold, all without a formal notice of overpayment, which—according to Plaintiffs—far exceeds that which is necessary to protect THHSC's interest in the pending administrative appeal. Plaintiffs believe Defendants are denying Plaintiffs their right to due process by manipulating matters so as to prevent Plaintiffs from contesting the alleged overpayments.

Defendants now move to dismiss Plaintiffs' claims under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of 12(b)(1), Defendants argue that (1) the Eleventh Amendment bars suit against THHSC; (2) the Eleventh Amendment bars claims for monetary damages against the individual defendants in their official capacities; (3) the Eleventh Amendment bars adjudication of pendent state law claims; and (4) Plaintiffs' claims are moot. For purposes of 12(b)(6), Defendants argue that (1) THHSC and Hawkins, Madison, and Longmire (acting in their official capacities) are not "persons" within the meaning of § 1983; (2) PCP has no property interest in the payment of Medicaid claims protected by the Due Process Clause; (3) the § 1983 claims should be dismissed because Plaintiffs received all the process they were due; and (4) the Fourteenth Amendment does not create a cause of action independent of § 1983.

The individual Defendants, sued in their individual capacities, move for summary judgment on the basis of qualified immunity. They assert they are entitled to summary judgment because Plaintiffs have no constitutionally protected property interest in Medicaid reimbursement payments. Defendants further argue that, even assuming there is a protected property interest, no "clearly established" rights were violated and Defendants' conduct was objectively reasonable.

## II. ANALYSIS

A. **Subject Matter Jurisdiction**

   1. **Standard**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court. *See* FED. R. CIV. P.12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A motion alleging lack of subject matter jurisdiction may be based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In determining a Rule 12(b)(1) motion, the district court is empowered to consider and resolve matters of fact which may be in dispute. *See Ramming*, 281 F.3d at 161; *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the attack on the merits. *Ramming*, 281 F.3d at 161; *O'Rourke v. United States*, 298 F. Supp. 2d 531, 533 (E.D. Tex. 2004).

   2. **Eleventh Amendment Immunity**

Defendants argue that since § 1983 does not abrogate THHSC's Eleventh Amendment immunity, THHSC cannot be sued by Plaintiffs under this statute in federal court. The Court agrees. The Supreme Court has held that the Eleventh Amendment applies to § 1983 claims against states

and state entities because, in enacting the original version of § 1983, Congress did not intend to abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, the undersigned recommends that the § 1983 claims against THHSC be dismissed.[1]

Defendants also assert that Plaintiffs cannot obtain monetary relief from the individual defendants, in their official capacities, under § 1983. Lawsuits filed against state officials in their official capacities should be handled as if they were suits against the state, and the immunities that would be available to the governmental entity are also available for the state official who has been sued in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, under the Eleventh Amendment, Plaintiffs cannot receive monetary relief for claims against Hawkins, Madison, and Longmire in their official capacities.[2] Accordingly, the undersigned recommends that Plaintiffs' claims for monetary relief under § 1983 against Defendants Hawkins, Madison, and Longmire in their official capacities be dismissed.[3]

---

[1]The Court notes that Plaintiffs also included in their complaint a claim that their due process rights were violated when Defendants imposed joint and several liability on "affiliates" of PCP. The parties did not discuss this claim in their briefing. However, the Court believes this claim falls within the scope of the Defendant's Eleventh Amendment arguments, and should also be dismissed. First, the only Defendant that could potentially impose joint and several liability on the affiliates would be THHSC, and THHSC is entitled to Eleventh Amendment immunity. Moreover, this claim is plainly not ripe. While THHSC has issued a notice of final sanctions purporting to impose liability against Statler and Wyancko, Plaintiffs have appealed that decision, and until the appeal is resolved, there is no final imposition of joint and several liability on the affiliates. *See* Defendants' Motion for Partial Summary Judgment (Clerk's Doc. No. 65), at Exhibit 2-2.

[2]Moreover, in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that states and state officials sued in their official capacities are not "persons" within the ambit of § 1983 for a suit seeking monetary relief. As discussed below, these claims should also be dismissed under Rule 12(b)(6) for this reason.

[3]The Eleventh Amendment does not bar Plaintiffs' claims for monetary relief against the individual Defendants in their *individual* capacities. Nor does the Eleventh Amendment bar lawsuits

### 3. State Law Claims Against All Defendants

Defendants state that Plaintiffs are also bringing claims under Article 1, § 19 of the Texas Constitution, under certain state regulations relating to the Texas Medicaid program, and under Chapter 2251 of the Texas Government Code, and they seek to have these claims dismissed as well. Perhaps Plaintiffs are abandoning these claims, as Plaintiffs do not even address Defendants' arguments regarding dismissal of the state law claims in their response. In any event, as Defendants argue, the Eleventh Amendment bars adjudication of pendent state law claims against non-consenting state defendants in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985). It is well settled that "the only legitimate basis for federal court intervention consistent with the Eleventh Amendment is the vindication of federal rights." *Lelsz v. Kavanagh*, 807 F.2d 1243, 1252 (5th Cir. 1987). Principles of federalism and comity prevent federal courts from exercising jurisdiction in suits against state officials on the basis of state law. *Pennhurst*, 465 U.S. at 106 ("[I]t is difficult to think of a greater incursion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). This is true even if the state has waived sovereign immunity to such claims in state court. *Id.* at 100 n. 9; *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996). Accordingly, the undersigned recommends that Plaintiffs' state law claims be dismissed.

---

against state officials in their official capacities for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908); *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The issue of whether Plaintiffs' other claims against Hawkins, Madison, and Longmire should be dismissed will be addressed below.

### 4. Mootness

Article III of the U.S. Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. U.S. CONST. art. III, § 2, cl. 1; *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). To qualify as a case fit for federal-court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Piggly Wiggly Clarksville v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). "If a dispute has been resolved, or if it has evanesced because of changed circumstances . . . it is considered moot." *American Medical Assoc. v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Jurisdiction is still proper, however, if there is a reasonable likelihood that the same controversy will recur. *Honig v. Doe*, 484 U.S. 305, 318 (1988); *Bowen*, 857 F.2d at 271 (noting exception to the mootness rule for cases "capable of repetition, yet evading review"). This exception applies where the following two circumstances are simultaneously present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

Defendants argue that Plaintiffs' Complaint ignores the uncontested fact that THHSC lifted the payment hold on Plaintiffs' funds and issued a final notice of overpayment to Plaintiffs. The final notice of overpayment triggered Plaintiffs' appeal rights under THHSC's Medicaid fraud regulations,

which is the very relief sought in this lawsuit. Thus, according to Defendants, Plaintiffs' due process claims are no longer "live" and should be dismissed as moot.

As noted above, several of Plaintiffs' claims should be dismissed because of the State's Eleventh Amendment immunity. Eliminating those claims from the discussion leaves the following causes of action: (1) claims for prospective injunctive relief against the individual defendants in their official capacities, and (2) claims for monetary damages against the individual defendants in their personal capacities. As to the latter, the undersigned believes that nothing has been mooted by THHSC issuing the final sanction notice. If Plaintiffs are correct in their allegations that Hawkins, Madison, and Longmire violated Plaintiffs' constitutional rights, then, assuming these Defendants are not entitled to qualified immunity, Plaintiffs may be entitled to monetary damages from these individuals. Ceasing the allegedly illegal activity would not moot Plaintiffs' claims for monetary damages.

As for Plaintiffs' claims for prospective injunctive relief against these Defendants, the Court believes that the challenged action could very well be moot given that Defendants have issued a final sanction notice. However, it is arguable that the challenged action fits within the exception to the mootness rule: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

In any event, the Court will still have to analyze whether there is a protected property interest in these payments to determine if Plaintiffs' claims for monetary damages should be dismissed. In light of the Court's determination on this issue, the Court will not recommend dismissing the claims

for prospective injunctive relief as moot, as they are more easily disposed of on other grounds, discussed below.

**B.      Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, the Court need not accept allegations "which make unsupported conclusions, unwarranted inferences or deductions, or sweeping legal conclusions in the form of factual allegations." *Hodge v. Texaco USA*, 761 F. Supp. 27, 28 (W.D. La. 1990).

For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555. In its most recent term, the Supreme Court made it plain that this new standard applies to all case, not just to antitrust cases such as *Twombly*. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

### 1.     Claims Brought Directly under the Fourteenth Amendment

Defendants assert that Plaintiffs' Fourteenth Amendment claims should be dismissed because litigants cannot allege a cause of action directly under the due process clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV, § 1. In response, Plaintiffs argue that they may proceed on this claim under both the Fourteenth Amendment and § 1983.

The law is clear that a suit alleging federal constitutional claims against state actors may only be brought pursuant to the provisions of 42 U.S.C. § 1983, and may not be brought directly under the Fourteenth Amendment. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); *Hearth, Inc. v. Dep't. of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980). In an attempt to avoid these plain precedents, Plaintiffs rely on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980), claiming these cases provide precedent for an implied right of action directly under the Constitution. All of these cases, however, dealt with federal, not state, actors, and we only have state defendants in this case. Because § 1983 only applies to those acting under color of state law, a suit alleging constitutional violations perpetrated by federal actors cannot be brought pursuant to § 1983, and courts have found an implied right of action in some of these cases. The Fifth Circuit has noted that the few times courts have found causes of action arising directly from the Constitution have been where there were no alternative remedies to address the obvious violations of the plaintiffs' rights. *See Hearth, Inc.*, 617 F.2d at 382. Here, § 1983 serves that very purpose. *Id.* at 383. Because no court has ever found an implied right of action against state actors in these circumstances, Plaintiffs' claims brought directly under the Fourteenth Amendment should be dismissed.

### 2. Are Defendants "Persons" under § 1983?

Defendants argue that all of Plaintiffs' § 1983 claims against THHSC, as well as their claims for monetary damages against the individual Defendants in their official capacities, must be dismissed under Rule 12(b)(6) because neither states nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. The Court agrees. The Supreme Court has held that the state is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Similarly, a state official sued in his official capacity is not a "person" within the ambit of § 1983 for a suit seeking monetary relief. *Id.* Thus, this too serves as a basis for dismissing Plaintiffs' § 1983 claims against THHSC, as well as their claims for monetary relief against Hawkins, Madison, and Longmire in their official capacities.

### 3. No Protected Property Interest in Payment of Medicaid Claims

"Procedural due process is not invoked by every governmental action which adversely affects private interests. Instead, procedural due process safeguards apply only when a person is deprived of 'life, liberty or property without due process of law.'" *Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1017 (1st Cir. 1978). Defendants argue that Plaintiffs' Fourteenth Amendment claim must be dismissed because Plaintiffs have not alleged a "property" right that is protected by the Fourteenth Amendment. In support of this assertion, Defendants cite to *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 89 (2d Cir. 1991) (no property interest in payment for claims pending investigation to determine illegality); *Tekkno Laboratories, Inc. v. Perales*, 933 F.2d 1093, 1098 (2d Cir. 1991) (questioning whether providers have a property interest in Medicaid payments withheld pending investigation for fraud or willful misrepresentation); *Matter of Medicon*

*Diagnostic Labs v. Parales*, 145 A.D.2d 167, 171 (N.Y.A.D. 1989) (Medicaid provider has no property interest in prompt payment of Medicaid claims; thus, withholding of payment based on reliable information that provider is involved in fraud or willful misrepresentation does not violate due process); and *St. Joseph Hosp. v. EDS*, 573 F. Supp. 443, 447 (S.D. Tex. 1983) (hospitals have no vested property interest in retaining overpayments Defendants were attempting to recoup).

Plaintiffs' response on this point is somewhat unclear. Plaintiffs assert in their briefing that "[t]he interest at stake is the money Plaintiffs was [sic] ordered to pay. While property interests protected by Due Process extend well beyond actual ownership of property, ownership of money is among the core property interests protected by Due Process." *See* Clerk's Doc. No. 78, at 4. However, Plaintiffs are complaining about Defendants withholding payment of claims that Plaintiffs had submitted for reimbursement. Thus, the statement that "ownership of money is among the core property interests protected by Due Process" does not address whether Plaintiffs have a protected property interest in these Medicaid reimbursement payments. Because of the questions surrounding this issue, the Court ordered Plaintiffs to brief this issue more fully. *See* Clerk's Doc. No. 82. In response, Plaintiffs assert that their "constitutional claim is that Plaintiffs were deprived of their already earned reimbursement payments when Defendants failed to extend to Plaintiffs appeal rights required by law." *See* Pl. Response (Clerk's Doc. No. 84), at 5. Plaintiffs also state that, while it is true Medicaid providers may not have a property interest in future reimbursements, they do have such an interest in money paid for services already performed. Plaintiffs attempt to distinguish the cases relied on by Defendants, arguing that those cases all involved allegations of fraud and actions taken

13

to protect the government healthcare program, while, Plaintiffs assert, in this case there are no concerns about fraud or fraudulent billings. *Id.* at 6–7.

Through these statements it appears that Plaintiffs concede there is no protected property interest in reimbursement payments when there is an ongoing investigation of fraud, but they dispute that there were fraud concerns in this case. *See id.* This statement, however, is directly contradicted by the record before the Court, including the very documents Plaintiffs attach to their Complaint. Those documents state that the reason that the Defendants first initiated the payment hold was that they had concerns about fraud and fraudulent billings by Defendants.[4] *See* Pl. Second Amended Complaint (Clerk's Doc. No. 57), at Exhibit 1. In the letter THHSC issued to PCP when the payment hold was first imposed, THHSC relates that a preliminary investigation was underway of services billed by PCP, and that this investigation had revealed that PCP had submitted claims that were not in compliance with the Texas Medicaid Program guidelines. *See id.* The letter then states how violations in certain areas were identified, including "submitting or causing to be submitted a false statement, information or misrepresentation, or omitting pertinent facts to obtain greater compensation than the provider is legally entitled to." *Id.* The letter also states that THHSC was attaching a spreadsheet that specified the services reviewed during the preliminary investigation and the violations associated with each service. *Id.* Therefore, Plaintiffs' assertion that there were no concerns about fraud when Defendants imposed the payment hold is not supported by the documents Plaintiffs attached to their complaint; in fact, it is directly contradicted by these letters. Thus, under

---

[4] In considering a motion to dismiss for failure to state a claim, a district court may consider attachments to the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

the authorities relied on by Defendants, and Plaintiffs' apparent concession that a payment hold does not violate due process when a fraud investigation is underway, Plaintiffs have failed to allege a protected property interest in these payments, and the claim should be dismissed.

Even if Plaintiffs have not conceded the issue, as a matter of law, they have no protected property right in the reimbursement payments. As already noted, to prevail on their due process claim, Plaintiffs must establish the existence of a valid property interest in the money that Defendants withheld through the payment hold. Such interests are not created by the Constitution, but rather must be found in an independent source such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Fifth Circuit has not directly addressed the question of whether a Medicaid provider has a protected property interest, giving rise to a right to due process, in the payment of a claim for reimbursement. *See Matter of Guiding Light Corp.*, 217 B.R. 493, 498 (E.D. La. 1998) ("The Fifth Circuit has not addressed the issue of whether a provider has a constitutionally protected property interest in payment for Medicaid services performed while the provider is being investigated for fraud.").[5] As noted earlier, several courts in other jurisdictions have concluded that no such property right exists.

After careful consideration of the relevant cases and statutory law, the Court agrees with the holdings of *Guiding Light* and *Yorktown* and believes there is no protected property interest in Medicaid payments that are withheld pending an investigation. As noted above, property interests

---

[5]Significantly, the court in *Guiding Light*, after noting that the Fifth Circuit had not addressed the issue, said that it was "persuaded by the majority holding of *Yorktown* and *Tekkno* that a medical care provider does not have a property interest in Medicaid payments for claims pending investigation for fraud or willful misrepresentation." *Matter of Guiding Light Corp.*, 217 B.R. at 498.

15

are created by an independent source such as state law, and to have a property interest in a benefit, a person must have a legitimate claim of entitlement to it. *See Roth*, 408 U.S. at 577. In this case, Plaintiffs have not demonstrated a legitimate claim of entitlement to the withheld payments. The state law dealing with these payments specifically authorizes THHSC to initiate a payment hold, without prior notice, after it is satisfied that prima facie evidence exists of program violations. 1 TEX. ADMIN. CODE § 371.1703. The law further allows THHSC to impose the payment hold prior to the completion of an investigation. *Id.* This significant discretion afforded THHSC in utilizing payment holds suggests that the right to reimbursement is not property protected by procedural due process. *See Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 581 (2d Cir. 1989) (existence of provisions that retain for the state significant discretionary authority over the bestowal of a government benefit suggest that the recipients of such benefits have no property right in them). Furthermore, the weight of authority suggests that providers do not have a protected property interest in these payments when there are concerns about fraud. *See Matter of Guiding Light Corp.*, 217 B.R. at 498; *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d at 89; *Tekkno Laboratories, Inc. v. Perales*, 933 F.2d at 1098; *Matter of Medicon Diagnostic Labs v. Parales*, 145 A.D.2d at 171. Because the undersigned believes that there is no protected property interest in these payments, Plaintiffs' remaining claims against the individual Defendants should be dismissed.[6]

---

[6]Plaintiffs' complaint states that Plaintiffs are also bringing this action as a class action on behalf of a class consisting of healthcare providers participating in the Medicaid program whose constitutional right to due process of law has been violated. For all of the reasons discussed in this report and recommendation, including the fact that Plaintiffs have failed to show a property interest in the payments, Plaintiffs' class claims should also be dismissed.

### 4. Plaintiffs Received All the Process They Were Due

Defendants argue that even if Plaintiffs had a protected property interest in the payments, Plaintiffs' claims must still be dismissed because Plaintiffs received all the process they were due. The basic elements of constitutional procedural due process rights are notice and the opportunity to be heard. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* In this case, when the payment hold was first imposed, Defendants sent PCP a letter fully informing Plaintiffs of the allegations against them, and the means by which to challenge the propriety of the payment hold. Indeed, Plaintiffs' submissions demonstrate that they exercised the immediate appeal rights granted by the state regulations after the first hold was imposed. After Plaintiffs filed a Petition for Expedited Formal Administrative Hearing, a hearing was scheduled before an administrative law judge on whether the payment hold was properly imposed. This payment hold was lifted following negotiations between the parties; however, THHSC subsequently imposed a new payment hold after PCP failed to put up security to assure the Commission that PCP was acting in good faith. Plaintiffs once again filed a Petition for Expedited Formal Administrative Hearing on the propriety of the payment hold. Thus, both times the payment hold was imposed, Plaintiffs were given notice of the actions taken against them, and the means to challenge those actions in a hearing before a neutral party. Moreover, Defendants have since issued a final sanction notice. This notice triggered Plaintiffs' right to an administrative appeal on the merits of the final sanction under THHSC's

Medicaid fraud regulations.[7] 1 TEX. ADMIN. CODE § 371.1669. Accordingly, the undersigned believes that, as a matter of law, Plaintiffs have been afforded all the process to which they were entitled. This too serves as a basis to dismiss the remaining claims in this action.

**C.     Summary Judgment**

Because the undersigned recommends that all claims be dismissed under Rule 12(b)(1) and 12(b)(6), the Court need not reach Defendants' Motion for Partial Summary Judgment.

### III.  CONCLUSION

Based on the foregoing, the undersigned is of the opinion that Defendants' motion to dismiss should be granted. Plaintiffs' § 1983 claims against THHSC and their claims for monetary relief against Hawkins, Madison, and Longmire in their official capacities should be dismissed because of Eleventh Amendment immunity, and because these Defendants are not "persons" within the meaning of § 1983. Plaintiffs' state law causes of action are also barred by Eleventh Amendment immunity. Plaintiffs' claims brought directly under the Fourteenth Amendment should be dismissed because § 1983 is an available remedy to address the alleged violation of Plaintiffs' rights. Finally, Plaintiffs' remaining claims against the individual Defendants should be dismissed because as a matter of law, Plaintiffs do not have a protected property interest in Medicaid reimbursement payments withheld pending an investigation for fraud or other program violations, and because Plaintiffs were afforded all the process they were due when the payment hold was put in place.

---

[7]As was discussed at the pre-trial conference, Plaintiffs have exercised their right to an appeal of the final sanction, but it has been postponed until this litigation can be resolved.

18

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendants' Amended Motion to Dismiss Plaintiffs' Second Amended Complaint (Clerk's Doc. No. 64) as set forth in detail above. The undersigned Magistrate Judge **FURTHER RECOMMENDS** that the District Judge **DENY AS MOOT** Defendants' Motion for Partial Summary Judgment based on Qualified Immunity (Clerk's Doc. No. 65). Finally, because the undersigned recommends that all of Plaintiffs' claims be dismissed, in the event the District Judge accepts this recommendation, the undersigned **RECOMMENDS** that the District Judge **ENTER JUDGMENT** in this case that Plaintiffs take nothing.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* revi-ew by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that

a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE